**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GS CLEANTECH CORPORATION,<br>        Plaintiff/Counterclaim Defendant, | |
| | Case No. 1: 10-cv-04391 |
| v. | Hon. Larry J. McKinney |
| ADKINS ENERGY LLC,<br>        Defendant/Counterclaimant. | |

## GS CLEANTECH CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 28 U.S.C. § 1927

GS CleanTech Corporation ("CleanTech"), pursuant to 28 U.S.C. § 1927, respectfully brings this motion to recover its excess costs, expenses, and attorneys' fees incurred defending itself from the unreasonable and vexatious litigation brought by Adkins Energy LLC's ("Adkins") counsel.

CleanTech's § 1927 claim stems essentially from Adkins' continued maintenance and subsequent eleventh-hour cessation of the "cost of completion" portion of its breach of contract counterclaim. Adkins had been moving for years to transfer its case out of the MDL back to the Northern District of Illinois in order to have a jury trial on its breach of contract counterclaims. The case eventually was transferred back to the Northern District on September 11, 2015, and the parties then each prepared for a four-day jury trial to begin on February 29, 2016. However, on the eve of trial, and without warning, Adkins simply dropped its "cost of completion" counterclaim and waived its right to a jury trial during the pretrial conference. This came after Adkins' counsel repeatedly maligned CleanTech and its counsel, claiming the issues CleanTech raised to support its position maligned CleanTech's counsel were "false" issues (Adkins Energy

LLC's Trial Brief, Dkt. No. 631, p. 2), a "story made up out of whole cloth" (Adkins' Omnibus Motion in Limine to Exclude Irrelevant, Confusing, and Prejudicial Evidence from Trial, Dkt. No. 630, p. 5) and an "odd tactical choice—to run with an argument with no evidentiary support and that all the evidence contradicts— has led CleanTech to waste everyone's time".  (Adkins Energy LLC's Trial Brief, Dkt. No. 631, pp. 10-11).  When Adkins' name calling did not convince the court to exclude CleanTech's arguments, Adkins knew it could not win at trial because the facts were, in truth, exactly as CleanTech had portrayed them. Rather than waste more of their own time preparing for a multi-day trial it knew it could not win, Adkins simply dropped its claim.  Unfortunately, CleanTech and its counsel spent weeks preparing for a trial, when it should not have had to.

Adkins instead elected to go forward on February 29, 2016 with a bench trial on what was ostensibly supposed to be its breach of contract claim related to "out of pocket expenses" associated with satisfying the Harn Construction liens. The bench trial took less than an hour, during which Adkins pursued a claim that the Court found "did not coincide with the case that had been discussed up to that point," but rather a new theory based upon Harn's rights under purchase orders that were assigned to Adkins when it satisfied the Harn liens. (Memorandum Opinion & Order After Bench Trial, Dkt. No. 692, p. 3).  The Court found for CleanTech on all of Adkins' counterclaims and entered final judgment on May 23, 2016.

Adkins' pursuit of its objectively baseless "cost of completion" claim, as well as its shifting positions on its breach of contract claim related to the Harn liens, forced CleanTech to expend substantial resources to prepare for the scheduled four-day jury trial to cover this counterclaim, including travel for counsel and witnesses, securing workspace and accommodations for the duration of the scheduled trial, as well as the attorney time incurred in

preparing for trial. The vast majority of these fees and expenses were simply rendered moot by what was, at best, an extremely late but necessary admission by Adkins' counsel of the merits of its counterclaims. At worst, it was a deliberate attempt to force CleanTech to incur fees and expenses for a claim that Adkins did not intend to actually present at trial.

The imposition of costs and fees is authorized under 28 U.S.C. § 1927 against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously…." 28 U.S.C.A. § 1927 (West). The Seventh Circuit has applied this statute whenever an attorney "has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice ... or where a claim [is] without a plausible legal or factual basis and lacking in justification." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014). CleanTech's counsel does not raise these claims readily and without serious consideration. Claims against opposing counsel are a scourge and are not taken lightly. This course of action would probably not be pursued except for Adkins' counsel's malicious attacks and blatant misrepresentations of the facts in an effort to misinform and turn the court against CleanTech and its counsel at any cost. Adkins' counsel's course of conduct throughout the litigation of its counterclaims satisfies this "serious and studied disregard" standard, including their frequent efforts to malign CleanTech's counsel, their continued efforts to misrepresent the record with respect to the environmental permits that formed the basis of CleanTech's defense to Adkins' counterclaim, and then the deliberate and unprecedented surprise announcement with respect to what exact claims Adkins was to present at trial.[1] The

---

[1] It should not go without note that upon filing its Motion to Dismiss its Counterclaims, Adkins tried to "slip in" an attempt to go forward the next week with a trial on its claim of a "second contract" on a covenant-not-to-sue, despite previously being told by the court that trial would not be going forward (See Adkins Energy LLC's Motion For

impact of Adkins' efforts related to these counterclaims has been to waste the time and resources of both the Court and CleanTech, and Adkins' counsel should therefore be sanctioned accordingly.

CleanTech therefore seeks its fees and costs in defense of these baseless counterclaims pursuant to 28 U.S.C. § 1927. CleanTech respectfully requests this Court to order the parties to set a schedule pursuant to LR54.3(b) for the parties to undertake the exchanges contemplated in LR54.3(d) and, if the parties are unable to agree upon the amount of fees that should be awarded, file a joint statement regarding any disputed amounts of fees or expenses as set out in LR54.3(e).

Date: June 6, 2016

Respectfully submitted,

/s/Michael J. Rye
Michael J. Rye, Esq. (pro hac vice)
Andrew C. Ryan, Esq. (pro hac vice)
Tasia E. Hansen, Esq. (pro hac vice)
CANTOR COLBURN LLP
20 Church Street, 22d Floor
Hartford, CT 06103
Telephone: (860) 286-2929
Facsimile: (860) 286-0115
mrye@cantorcolburn.com
aryan@cantorcolburn.com
thansen@cantorcolburn.com

Robert A. Carson, Esq.
David L Newman, Esq.
GOULD & RATNER LLP
222 North LaSalle Street
Suite 800
Chicago, IL 60601
Tel: 312-899-1633
Fax: 312-236-3241
rcarson@gouldratner.com
dnewman@gouldratner.com

Dismissal Under Fed.R.Civ.P. 41(A)(2) Of That Part Of Count I Of Its Counterclaims Seeking Cost-Of-Completion Damages, Dkt. No. 684, p. 1).

Attorneys for GS CleanTech Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2016 a copy of the foregoing GS CLEANTECH

CORPORATION'S MOTION FOR ATTORNEYS'FEES AND COSTS UNDER 28 U.S.C. §

1927 was filed via the Court's ECF system.  Notice of this filing will be sent to the parties via

electronic mail.

/s/ Michael J. Rye___
Michael J. Rye