IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GS CleanTech Corporation | |
| Plaintiff/Counter Defendant, | |
| v. | Case No. 1:10-cv-04391 |
| Adkins Energy LLC | Hon. Judge: Rebecca R. Pallmeyer |
| Defendant/Counter Claimant. | |

**OPPOSITION OF ADKINS ENERGY, LLC
TO CLEANTECH'S MOTION FOR RECONSIDERATION**

CleanTech seeks "reconsideration" of orders denying its Rule 59 motion (itself a motion to reconsider) and denying its misguided request to defer briefing on Adkins's motion for attorneys' fees until after the appeal (which is presently stayed). CleanTech offers no new grounds for its requests; it merely repeats grounds that it already raised and Judge McKinney rejected.

**I.  Judge McKinney properly denied CleanTech's Rule 59 motion.**

    **A.  Judge McKinney was required to deny the Rule 59 motion because the motion failed to challenge all of the dispositive bases for the judgment.**

CleanTech's Rule 59 motion was a nonstarter because it did not challenge all of the dispositive grounds on which Judge McKinney based his judgment in favor of Adkins and against CleanTech. CleanTech's Rule 59 motion raised three discrete points, all concerning the invalidity or unenforceability of the asserted '858 family patents. (D.I. 714[1] at 2, 3). Judge McKinney, however, had also held on summary judgment that CleanTech must lose because it never produced any admissible evidence that Adkins infringed the asserted patent claims.

---

[1] Unless otherwise noted, D.I. __ refers to docket entry numbers in *GS CleanTech Corp. v. Adkins Energy LLC*, Case No. 10-cv-04391(N.D. Ill).

1

CleanTech's Rule 59 motion did not challenge this latter ground for the judgment. Thus, even if Judge McKinney had agreed with all of CleanTech's Rule 59 points (which he correctly did not), he still would have been required to deny the Rule 59 motion.

The same logic applies to CleanTech's current motion to reconsider the denial of its Rule 59 motion. CleanTech's current motion likewise does not challenge the noninfringement component of the judgment. Thus, even if this Court would (incorrectly) agree with all of the reconsideration points that CleanTech raises, it too would be required to deny CleanTech's current motion.

### B. CleanTech's motion to reconsider doesn't even challenge the ground on which Judge McKinney denied the Rule 59 motion.

CleanTech's motion to reconsider does not even address the reason Judge McKinney gave for denying the Rule 59 motion. CleanTech's Rule 59 motion sought reconsideration of Judge McKinney's invalidity ruling by offering the prosecution history of U.S. Application No. 13/450,997 ("the '997 application)—a continuation application of the '858 patent family that the patent examiner allowed knowing that Judge McKinney had invalidated the other patents in the same patent family. In denying the Rule 59 motion, Judge McKinney wrote that he would not have considered the patent examiner's decision even if it had been available to him before ruling on the summary-judgment motions, pointing out that he had excluded the same evidence when CleanTech raised it at the inequitable-conduct trial. D.I. 744. Moreover, CleanTech could have raised the allowance of the '997 application in Adkins's case before entry of judgment (it was allowed/issued on December 15, 2015, and Judge McKinney did not enter his final judgment until May 20, 2016) but, for carefully crafted reasons, did not do so.

As CleanTech knows, it had issued Adkins a license to all of its intellectual property rights pertaining to the corn-oil-extraction system that CleanTech had agreed to install at

Adkins's facility. CleanTech had failed to complete the installation and left Adkins with an unfinished project in its plant; having failed to fulfill its contractual obligations, CleanTech gave Adkins a covenant not to sue if Adkins installed an alternate system. Given this history, CleanTech never should have sued Adkins for patent infringement in the first place.

But CleanTech did sue Adkins, and Adkins immediately raised the license and covenant-not-to-sue defenses. D.I. 12 at 9-16. Under the terms of the parties' contract, those defenses were required to be tried in the Northern District of Illinois. D.I. 12 at Ex. A, Section 1.12(l). Yet CleanTech repeatedly blocked Adkins's efforts to get the contract/license issues remanded to the Northern District of Illinois for trial. *see* D.I. 5 from U.S. Judicial Panel on Multidistrict Litigation ILN/1:10-cv-04391 (CleanTech's opposition to Adkins's motion to vacate the conditional transfer order); *see also* D.I. 17 from U.S. Judicial Panel on Multidistrict Litigation ILN/1:10-cv-04391 (CleanTech's opposition to Adkins's motion for remand to the transferor court); *GS CleanTech Corp. v. Adkins Energy LLC*, Case No. 10-cv-08011 at D.I. 152 and D.I. 488. Once Adkins was finally able to get its case transferred back to this district, CleanTech opposed Adkins's efforts to get Judge McKinney to set the license/and covenant-not-to-sue issues for trial. D.I. 694. CleanTech did so by arguing that there was no justiciable controversy because the '858 family patents had all been invalidated and that it had not asserted against Adkins the new patent arising from the '997 application:

> Adkins has not shown that the Court has subject matter jurisdiction over the newly issued patents [including the '997 application]. Those patents are not, and have never been, a part of this action or the MDL. Nor has CleanTech asserted any rights under the newly issued patents against Adkins or any other entity.

*Id.* at 14.

Yet just after Judge McKinney agreed with CleanTech that the '997 application patent was not at issue and denied Adkins's request for a trial on the license/covenant-not-to-sue issues,

3

CleanTech filed its Rule 59 motion relying on that very same patent as a basis for reconsidering the invalidity judgment with respect to the other '858 family patents.  D.I. 714 at 2-6.  In other words, Judge McKinney observed CleanTech's doubling back on this issue, which might help explain his dismissive treatment of CleanTech's baseless Rule 59 motion.

      **C.    CleanTech's reconsideration arguments have no merit in any event.**

Judge McKinney properly denied CleanTech's Rule 59 motion for the additional reason that the motion relied on facts that CleanTech could have raised long before the Court entered final judgment in May 2016.  Rule 59(e) does not allow a party to introduce evidence or advance arguments that it could have presented to the district court before the final judgment.  *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *see also Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (stating that a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment") (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

Like the tardily raised patent application discussed above, CleanTech could have earlier raised the testimony of Hagerty, one of its own lawyers.  That testimony concerned *testing that took place in 2003*.  There is no reason why CleanTech could not have offered this testimony in a timely manner in opposition to Adkins's motion for summary judgment.  But it did not.  Nor did CleanTech invoke Rule 56(d) to defer ruling on Adkins's summary-judgment motion because CleanTech needed more time to present facts essential to justify its opposition.  *See Spierer v. Rossma*n, 798 F.3d 502, 506-07 (7th Cir. 2015) (stating that "Rule 56(d) allows the nonmoving party to submit an affidavit or declaration requesting the court to defer or deny judgment in order to allow for appropriate discovery to address matters raised by the motion.")

4

Regardless, at the inequitable-conduct bench trial Judge McKinney found Hagerty's testimony in question not credible. *In re: '858 Patent Litigation*, Case No. 10-ml-02181, D.I. 1650 at 24, 29, and 60-61.

CleanTech fares no better invoking the testimony of Cantrell and Winsness from the inequitable-conduct bench trial as a basis to revisit the invalidity judgment. These individuals were both named inventors and employees under CleanTech's control. Their testimony to which CleanTech averts concerned *a diagram and communications from 2003*.

Here, too, CleanTech could have adduced that testimony in response to Adkins's summary-judgment motion or could have moved to defer determination of Adkins's motion under Rule 56(d). CleanTech did neither. Accordingly, CleanTech was not in a position in its Rule 59 motion to assert this as newfound evidence that warranted revisiting the judgment of invalidity.

## II. Judge McKinney properly denied CleanTech's request to defer briefing of Adkins's exceptional-case motion until after appeal.

### A. Under Federal Circuit precedent, CleanTech's appeal will not succeed.

As discussed earlier, one of the reasons Judge McKinney granted summary judgment for Adkins was that CleanTech never produced any admissible evidence of infringement. *In re: '858 Patent Litigation*, Case No. 1:10-ml-02181, D.I. 1351 15-17 and 90-91. CleanTech's motion to defer briefing of Adkins's claim under 35 U.S.C. § 285 previewed arguments that CleanTech says it intends to raise on appeal, but every one of them goes to validity and unenforceability, not infringement.

The outcome of the appeal should not be in doubt. The Federal Circuit has sanctioned plaintiffs who produce no admissible evidence of infringement and yet take an appeal nonetheless. In *E-Pass Techs., Inc. v. 3Com Corp.*, 559 F.3d 1374 (Fed. Cir. 2009), as here, the

5

plaintiff produced no admissible evidence that the defendant infringed its patent claims. *Id*. at 1377-78. The district court found for the defendant on summary judgment and also held the case exceptional. *Id*. On appeal, the Federal Circuit not only affirmed the judgment and the exceptional-case ruling, but also found the appeal frivolous and imposed sanctions on the appellant and its counsel. *Id.* at 1380 (imposing attorneys' fee sanctions jointly and severally on the appellant and its counsel).

The outcome should be the same here. Because the record contains no admissible evidence of infringement, there will be no basis to overturn the judgment even if the Federal Circuit were to accept any of CleanTech's arguments on patent validity or enforceability. Thus, CleanTech's appeal will not only be frivolous, but it will not change the identity of the prevailing party. Rather, it will confirm that CleanTech's arguments on the merits are baseless.

**B.     Deferral would likely result in multiple appeals and judicial inefficiency.**

Judicial efficiency does not support deferring a decision on Adkins's fee motion because the requested deferral would increase the likelihood of piecemeal appeals. Under the scenario that CleanTech envisions, the Federal Circuit would first decide the merits of CleanTech's appeal and then this Court would decide whether to find an exceptional case. But given CleanTech's demonstrated history of challenging even the most unassailable of rulings, it is safe to assume that CleanTech would appeal any exceptional-case ruling to the Federal Circuit. The Federal Circuit would therefore have to deal with two separate appeals involving many of the same facts.

This Court can and should insure that all rulings—on the merits and on the fees motion—go up to the Federal Circuit together, in one single appeal. As Judge Dow noted in denying a motion to stay briefing on an attorneys' fees motion pending an appeal on the merits: "Even in cases where an appeal could affect or moot some questions at issue in the district court, the

6

Seventh Circuit has expressed a clear preference for timely adjudication of attorneys' fee motions." *Anheuser-Busch, Inc. v. Schnorf*, No. 10-cv-1601, 2011 WL 9798, at *2 (N.D. Ill. Jan. 3, 2011). "In *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980), the Seventh Circuit rejected the suggestion that attorneys' fees motions should await resolution of a pending appeal, holding that 'district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible.'" *Anheuser-Busch, Inc.*, 2011 WL 9798, at *2. The Seventh Circuit's policy is "intended to avoid piecemeal appeals and 'duplication of effort … at the appellate level.'" *Id*. (quoting *Terket*, 623 F.2d at 34).

Moreover, courts in the Seventh Circuit extend this preference to "bills of costs, holding that district courts should rule on bills of costs as 'expeditiously as possible,' even while appeals are pending," to avoid piecemeal appeals. *Anheuser-Busch, Inc.*, 2011 WL 9798, at *3 (citing *Collins v. United States*, No. 03-CV2958, 2009 U.S. Dist. LEXIS 46798, at *6 (N.D. Ill. Apr. 24, 2008) (holding that "an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals"); *see also Orenshteyn v. Citrix Sys., Inc*., 691 F.3d 1356, 1363 (Fed. Cir. 2012) (noting that "[t]he prudential way to avoid 'piecemeal appeals' is for the district court to 'promptly' hear and decide claims for attorney's fees; '[s]uch practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits'") (citation omitted); *Aebischer v. Stryker Corp.*, No. 05-CV-2121, 2007 WL 1668065, at *2 (C.D. Ill. June 8, 2007) (denying motion to stay ruling on bill of costs pending appeal to try to avoid the possibility of piecemeal appeals).

CleanTech cites a few cases where the Federal Circuit's ruling on appeal either required vacatur or revisiting of a fee award. D.I. 738 at 8-9 citing *Carnegie Mellon Univ. and AstraZeneca AB*. Suffice to say that for all the reasons discussed above, especially the fact that

7

CleanTech never had any admissible evidence of infringement, the likelihood of this occurring here is remote. Moreover, the policy against piecemeal appeals was not offended in the cases CleanTech cites because all issues, including fees, went to the appeals court in one appeal.

In fact, having this Court decide all issues before the case goes up on appeal may well streamline the issues before the Federal Circuit. At the pretrial conference held on January 14, 2016, Judge McKinney ruled that attorneys' fees are not available to Adkins as damages with respect to its claim that CleanTech breached its covenant not to sue. Adkins has preserved that issue for appeal. If Adkins is able to recover in this Court its attorneys' fees and litigation expenses under 35 U.S.C. § 285, then Adkins's damages claim for breach of the covenant not to sue may be moot since the requested monetary relief may well be duplicative. Accordingly, denial of CleanTech's motion to defer would likely promote judicial efficiency.

      **C.    Deferral would only reward CleanTech's scheme of excuses and delay.**

In 2007, long before this action began, CleanTech abandoned construction of a corn-oil-extraction system on Adkins's property. In place of the promised system, CleanTech left behind only excuses for its failure to complete the project. When CleanTech failed to pay the subcontractors it used on the Adkins project—who eventually placed liens on Adkins's property—CleanTech again offered excuses for its nonperformance.

After Adkins paid the subcontractor's liens and completed, with its own funds, construction of a corn-oil-extraction system using alternate technology providers, CleanTech filed this suit asserting that Adkins was infringing its patents.

Once litigation began—*way back in 2010*—CleanTech embarked on a strategy of delaying Adkins from obtaining the redress to which it is entitled. Notably, CleanTech moved to consolidate Adkins's action (which the parties' contract required to be venued in this District) with the complicated, multi-party, multi-issue MDL proceeding taking place in Indianapolis. In

8

opposing consolidation with the MDL, Adkins asked the court and the MDL panel to allow Adkins's license-based counterclaims to be heard in Illinois. *see* D.I. 1 from U.S. Judicial Panel on Multidistrict Litigation ILN/1:10-cv-04391. But CleanTech at all times opposed Adkins's efforts to have its contract claims returned to Illinois. *See* D.I. 5 from U.S. Judicial Panel on Multidistrict Litigation ILN/1:10-cv-04391 (CleanTech's opposition to Adkins's motion to vacate the conditional transfer order); *see also* D.I. 17 from U.S. Judicial Panel on Multidistrict Litigation ILN/1:10-cv-04391 (CleanTech's opposition to Adkins's motion for remand to the transferor court); *GS CleanTech Corp. v. Adkins Energy LLC*, Case No. 10-cv-08011 at D.I. 152 and D.I. 488. Even after Judge McKinney held CleanTech's patents invalid and the MDL proceedings had neared an end, CleanTech still opposed Adkins's attempt to have its case transferred back to this Court for a trial related to Adkins's counterclaims. *GS CleanTech Corp. v. Adkins Energy LLC*, Case No. 10-cv-08011 at D.I. 152 and D.I. 488.

     Almost eight years ago, Adkins told the Court that it had a license and a covenant not to sue and that it wanted to be free of this litigation. CleanTech's motion to defer briefing of the attorneys' fee issue was just another attempt to delay Adkins from obtaining the relief it deserves, and its motion for reconsideration of the Court's denial of that motion adds even more delay. The Court should deny the motion.

Dated: January 12, 2018            Respectfully submitted,

                                                ADKINS ENERGY LLC

                                                /s/ Keith D. Parr
                                       By:           Keith D. Parr

                                                 Keith D. Parr
                                                 James T. Peterka
                                                 Wasim K. Bleibel
                                                 LOCKE LORD LLP
                                                 111 South Wacker Drive
                                                 Chicago, IL 60606

        312-443-0700
        kparr@lockelord.com
        jpeterka@lockelord.com
        wbleibel@lockelord.com
        *Counsel for Adkins Energy LLC*

**CERTIFICATE OF SERVICE**

  I, Keith D. Parr, hereby certify that on the 12th day of January, 2018, I caused a true and correct copy of the foregoing OPPOSITION of ADKINS ENERGY, LLC TO CLEANTECH'S MOTION FOR RECONSIDERATION to be served to all attorneys of record in this case, by operation of the CM/ECF system for the Northern District of Illinois.

           /s/ Keith D. Parr
           Keith D. Parr

           Keith D. Parr
           James T. Peterka
           Wasim K. Bleibel

           LOCKE LORD LLP
           111 South Wacker Drive
           Chicago, IL 60606
           312-443-0700
           kparr@lockelord.com
           jpeterka@lockelord.com
           wbleibel@lockelord.com

           *Adkins Energy LLC*